> **PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR UNEXPIRED LEASES OR EXECUTORY CONTRACTS ON THE ATTACHED <u>SCHEDULE 1</u> AND <u>SCHEDULE 2</u> TO <u>EXHIBIT A</u> TO DETERMINE IF THIS MOTION AFFECTS THEIR UNEXPIRED LEASE, EXECUTORY CONTRACT, OR THEIR RIGHTS THEREUNDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) ) | Case No. 20-11548 (__) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

### DEBTORS' OMNIBUS MOTION
### FOR ENTRY OF AN ORDER (I) AUTHORIZING
### REJECTION OF UNEXPIRED LEASES OF NONRESIDENTIAL
### REAL PROPERTY AND EXECUTORY CONTRACTS EFFECTIVE AS OF THE
### DATES SPECIFIED HEREIN AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"): (a) authorizing the Debtors to (i) reject certain executory contracts identified on **<u>Schedule 1</u>** to **<u>Exhibit A</u>** (collectively, the "<u>Contracts</u>") effective as of June 14, 2020 and (ii) reject certain unexpired leases identified on **<u>Schedule 2</u>** to **<u>Exhibit A</u>** (including any amendments or modifications thereto, collectively, the "<u>Leases</u>") effective as of the Petition Date, and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(b), 365(a), and 554(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004, 6006, and 6007, and Bankruptcy Local Rule 9013-1.

5.      On June 14, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Matthew R. Owens, Co-Founder, President and Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

6.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation

and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Contracts and Leases to Be Rejected

7. Since the commencement of their restructuring efforts, the Debtors have worked to streamline and limit costs due to preserve value in light of the historic decline in commodity prices and the unprecedented level of market volatility affecting the oil and gas industry.  As part of this process, the Debtors, along with their advisors, have undertaken extensive review of their executory contracts, including the ongoing cost of the contracts and the effect on their businesses of rejecting such contracts.

8. The Debtors have determined in their business judgment that the costs incurred under the Contracts and Leases constitute an unnecessary drain on the Debtors' already limited resources.  In considering their options prior to the Petition Date, the Debtors, with the assistance of their advisors, evaluated the necessity and cost efficiency of the Contracts and Leases.  The Debtors determined that the transactional costs and postpetition carrying costs associated with marketing the Contracts and Leases exceed any potential benefit that may be realized from potential assignments or subleases.  Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' business judgment, the Debtors believe that the rejection of the Contracts and Leases, as set forth on **Schedule 1** and **Schedule 2**, as applicable, annexed to **Exhibit A** attached hereto, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and all parties in interest.

**Basis for Relief**

**I.     Rejection of the Contracts and Leases Is Justified by the Debtors' Sound Business Judgment.**

9.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval.  Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989); *In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); *Lubrizol Enters. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1047 (4th Cir. 1985) (holding that absent bad faith or abuse of discretion, deference is given to debtor's business judgment); *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).  Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease.  *See In re Trans World Airlines*, 261 B.R. 103, 121 (Bankr. D. Del. 2003).  The "business judgment" test merely requires a showing that rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *Id.*  ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice'") (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849–50); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that

4

the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

10. The Debtors, in their sound business judgment, have determined that the Contracts and Leases are neither compatible with the Debtors' ongoing business needs nor a source of potential value for the Debtors' future operations, creditors, or other parties in interest. Absent rejection, the Contracts and Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain on the Debtors' resources. Further, the Debtors have determined that certain of the Contracts and Leases do not have any realizable value given the Debtors' plan to cease operations. Accordingly, to avoid incurring additional unnecessary expenses associated with the Contracts and Leases, the Debtors seek to reject the Contracts and Leases.

**II. The Court Should Authorize the Rejection of the Contracts and Leases Effective as of the Petition Date.**

11. The Debtors also respectfully submit that it is appropriate for the Court to order that the effective date of rejection of the Contracts and Leases is the Petition Date. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying retroactive rejection of contracts and leases. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). Courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the

5

bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) ("rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *see also Pacific Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1071 (9th Cir. 2004) (same).

12. Courts may approve retroactive rejection of executory contracts and unexpired leases "after balancing the equities" and concluding that they weigh in favor of the debtor. *See In re Chi-Chi's, Inc.*, 305 B.R. at 399 (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (finding that rejection has been allowed effective as of the date of the motion); *see also Thinking Machs. Corp.*, 67 F.3d at 1028 ("In the section 365 context, . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (discussing that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

13. The balance of the equities favors the relief requested herein. The Debtors, with the assistance of their advisors, have decided to reject the Contracts and Leases only after thoroughly reviewing all of the Contracts and Leases, analyzing their costs and benefits, and determining that the Contracts and Leases are no longer beneficial to their estates. The Debtors have sought the relief requested herein as soon as they determined that the rejection of the Contracts and Leases was in the best interests of their estates; and in fact have done so at the earliest possibility opportunity—at the outset of these chapter 11 cases. Without a retroactive

date of rejection, the Debtors could be forced to incur unnecessary administrative charges and contractual obligations in connection with the Contracts and Leases that provide no benefit to the Debtors' estates.

14. Moreover, the Contract and Lease counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. The Debtors will promptly serve notice of this Motion on each of the Contract and Lease counterparties, each of whom will have a sufficient opportunity to respond. Furthermore, service of this Motion is an unequivocal expression of the Debtors' intention to reject the Contracts and Leases, and the Debtors hereby certify that they will not withdraw this Motion as to any of the Leases or Contracts without the consent of the applicable counterparty.

15. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases effective as of the petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sep. 19, 2019) (authorizing rejection of unexpired leases and executory contracts effective as of the prior notice date) *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (authorizing debtors' rejection of certain license agreements effective as of the prior notice date); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases effective as of the prior notice date); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 15, 2015) (authorizing rejection of executory contracts effective as of specified dates).

16. For these reasons, the Debtors respectfully submit that it is fair and equitable for the Court to hold that the Contracts and Leases are rejected as of the Petition Date.

**Reservation of Rights**

17.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

18.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

19.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the

Bankruptcy Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition senior credit facility or, in lieu thereof, counsel thereto; (d) the lenders under the Debtors' prepetition senior credit facility or, in lieu thereof, counsel thereto; (e) lenders under the Debtors' debtor-in-possession financing facilities or, in lieu thereof, counsel thereto; (f) the administrative agent under the Debtors' debtor-in-possession financing facilities or, in lieu thereof, counsel thereto; (g) the indenture trustee for the Debtors' prepetition senior notes or, in lieu thereof, counsel thereto; (h) the holders of the Debtors' prepetition senior notes or, in lieu thereof, counsel thereto; (i) the ad hoc group of holders of the Debtors' preferred equity or, in lieu thereof, counsel thereto; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; (n) the counterparties to the Contracts and the Leases; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 15, 2020　　　　　　　　　　*/s/ Richard W. Riley*
Wilmington, Delaware　　　　　　　　　**WHITEFORD, TAYLOR & PRESTON LLC**[1]
　　　　　　　　　　　　　　　　　　Marc R. Abrams (DE No. 955)
　　　　　　　　　　　　　　　　　　Richard W. Riley (DE No. 4052)
　　　　　　　　　　　　　　　　　　Stephen B. Gerald (DE No. 5857)
　　　　　　　　　　　　　　　　　　The Renaissance Centre
　　　　　　　　　　　　　　　　　　405 North King Street, Suite 500
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　Telephone:　(302) 353-4144
　　　　　　　　　　　　　　　　　　Facsimile:　(302) 661-7950
　　　　　　　　　　　　　　　　　　Email:　　　mabrams@wtplaw.com
　　　　　　　　　　　　　　　　　　　　　　　rriley@wtplaw.com
　　　　　　　　　　　　　　　　　　　　　　　sgerald@wtplaw.com

　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS INTERNATIONAL LLP**
　　　　　　　　　　　　　　　　　　Christopher Marcus, P.C. (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　Allyson Smith Weinhouse (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　Ciara Foster (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　Telephone:　(212) 446-4800
　　　　　　　　　　　　　　　　　　Facsimile:　(212) 446-4900
　　　　　　　　　　　　　　　　　　Email:　　　christopher.marcus@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　　allyson.smith@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　　ciara.foster@kirkland.com

　　　　　　　　　　　　　　　　　　*Proposed Co-Counsel to the Debtors and Debtors in Possession*

---

[1] Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware.