**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) | Case No. 20-11548 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 6** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) pay all prepetition and postpetition obligations on account of the Employee Compensation and Benefits in the ordinary course of business and (ii) continue to administer the Employee Compensation and Benefits, including payment of prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on July 7, 2020 at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on June 30, 2020, and shall be served on: (a) the Debtors, Extraction Oil & Gas, Inc., 370 17th Street, Suite 5300, Denver, Colorado 80202, Attn: Eric Christ; (b) proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C., Allyson Smith Weinhouse, and Ciara Foster and (ii) Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, Delaware 19801, Attn: Marc R. Abrams, Richard W. Riley, and Stephen B. Gerald; (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter; (d) counsel to the administrative agent under the Debtors' prepetition senior credit facility, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: Dewey J. Gonsoulin Jr., William A. (Trey) Wood III, and Heather Brown; (e) counsel to the ad hoc group of lenders under the Debtors' prepetition senior notes, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Alice Belisle Eaton, Christopher

Hopkins, Douglas Keeton and Omid Rahnama and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan & Sean T. Greecher; (f) counsel to the ad hoc group of holders of the Debtors' preferred equity, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Benjamin Finestone; and (g) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized on an interim basis, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases.

4. The Debtors are authorized on a final basis, to pay and honor, in an aggregate interim amount not to exceed $762,000, prepetition amounts outstanding under or related to the Employee Compensation and Benefits programs including, without limitation, any costs and expenses incidental to payment of the Employee Compensation and Benefits, including all administrative and processing costs, and any necessary payments to outside professionals.

5. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. Nothing herein shall implicitly or expressly approve or sanction any current or prospective incentive bonus, key employee incentive or retention programs or any payments having been made in relation to or pursuant thereto.

6. Pending entry of the Final order, the Debtors shall not pay or honor, and nothing herein shall be deemed to authorize the payment of any prepetition wages that exceed the Priority Caps set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, except upon further

order of this Court. No payment in excess of the Priority Caps set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code are to be made under this Interim Order.

7. Pending entry of the Final Order, the Debtors shall not pay and nothing herein shall be deemed to authorize, approve, or sanction the payment of any prepetition amounts owed on account of the Non-Insider Severance Program, except upon further order of this Court.

8. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which may implicate or be subject to section 503(c) of the Bankruptcy Code; *provided* that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the bankruptcy Code at a later time. For the avoidance of doubt, nothing herein shall be deemed to authorize the payment of any prepetition amounts owed to any Insiders on account of the Non-Insider Quarterly Retention Plan.

9. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

12. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, the administrative agent under the Debtors' prepetition senior credit facility or, in lieu thereof, counsel thereto, the administrative agent under the Debtors' debtor-in-possession financing facilities or, in lieu thereof, counsel thereto, counsel to the Debtors' prepetition senior notes, and any statutory committee appointed in these chapter 11 cases every thirty (30) days beginning upon entry of this Interim Order.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: June 16th, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**