**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) | Case No. 20-11548 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. __ |
| | ) | |

## ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROCEDURES RELATED THERETO AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the Assumption and Rejection Procedures for rejecting or assuming executory contracts and unexpired leases and procedures related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2]    Capitalized terms used and not defined herein have the meanings given to them in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting Contracts and Leases:

      a.      ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract(s) or Lease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) or Lease(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s) or Lease(s); (iii) the names and addresses of the counterparties to such Contract(s) or Lease(s) (each, a "Rejection Counterparty"); (iv) the proposed effective date of rejection for such Contract(s) or Lease(s) (the "Rejection Date"); (v) if such Contract(s) or Lease(s) are for real property, the personal property to be abandoned, if any; (vi) in the event of rejection of a Lease, an estimate of the book value of such property, if applicable and practicable; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts or Leases; *provided* that the number of counterparties to Contracts and Leases listed on each Rejection Notice shall be limited to no more than 100.

      b.      ***Service of the Rejection Notice***.  The Debtors will cause the Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the U.S. Trustee for the District of Delaware; (B) counsel to the lenders under the Debtors' debtor-in-possession financing facilities; (C) counsel to the administrative agent under the Debtors' debtor-in-possession financing facilities; (D) counsel to any statutory committee appointed in these chapter 11 cases; (E) counsel to the administrative agent under the Debtors' prepetition senior credit facility;

(F) counsel to the ad hoc group of lenders under the Debtors' prepetition senior notes; (G) counsel to the ad hoc group of holders of the Debtors' preferred equity (H) the United States Attorney's Office for the District of Delaware; (I) the Internal Revenue Service; (J) the United States Securities and Exchange Commission; (K) the state attorneys general for all states in which the Debtors conduct business; (L) any party that has requested notice pursuant to Bankruptcy Rule 2002  (collectively, the "Master Notice Parties").

c.      ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases  no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) counsel to the Debtors; (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C., Allyson Smith Weinhouse, and Ciara Foster; and (b) Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, Delaware 19801, Attn: Marc R. Abrams, Richard W. Riley, and Stephen B. Gerald; (ii) counsel to the administrative agent under the Debtors' prepetition senior credit facility, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: Dewey J. Gonsoulin Jr., William A. (Trey) Wood III, and Heather Brown; (iii) counsel to the ad hoc group of lenders under the Debtors' prepetition senior notes, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Alice Belisle Eaton, Christopher Hopkins, Douglas Keeton and Omid Rahnama, and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan & Sean T. Greecher; (iv) counsel to the ad hoc group of holders of the Debtors' preferred equity, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Benjamin Finestone; (v)  counsel to any statutory committee appointed in these chapter 11 cases; (vi) the Internal Revenue Service, (vii) the U.S. Trustee for the District of Delaware, and (viii) any other party that has filed a request for notices with the Court.

d.      ***No Objection Timely Filed***.  If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided, however,* that the

---

[3]   An objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed on such Rejection Notice.

Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the property by notifying the affected party in writing of the Debtors' surrender of the property and (A) turning over keys, key codes, and security codes, if any, to the affected party or (B) notifying the affected party in writing that the keys, key codes, and security codes, if any, are not available, but the party may reclaim the leased property; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least fourteen (14) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract or Lease from the schedule to a Rejection Notice at any time prior to the Rejection Date.

g.   ***No Application of Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.   ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon, at their option, any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4]  Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose

---

[4]   If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

i.  ***Proofs of Claim***.  Claims arising out of the rejection of Contract(s) or Lease(s), if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.  The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts and Leases:

a.  ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to assume a Contract(s) or Lease(s) pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract(s) or Lease(s) to be assumed; (ii) the Debtor or Debtors party to such Contract(s) or Lease(s); (iii) the names and addresses of the counterparties to such Contract(s) or Lease(s) (each, an "Assumption Counterparty"); (iv) the identity of the proposed assignee of such Contract(s) or Lease(s) (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract or Lease (the "Assumption Date"); (vi) the proposed cure amount, if any for each such Contract or Lease; (vii) a description of any material amendments to the Contract(s) or Lease(s); and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts and/or Leases; *provided* that the number of counterparties to Contracts and/or Leases listed on each Assumption Notice shall be limited to no more than 100.

b.  ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract or Lease (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[5]  To the extent the Debtors seek to assume

---

[5]  The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Assumption and Rejection Procedures with evidence of

5

and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract or Lease (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c. **_Objection Procedures_**.   Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract or Lease must file and serve a written objection[6] so that such objection is filed with this Court no later than seven (7) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d. **_No Objection_**.   If no objection to the assumption of any Contract or Lease is timely filed, each Contract or Lease shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract or Lease and no amount in excess thereof shall be paid for cure purposes; _provided_, _however_, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e. **_Unresolved Timely Objection_**.   If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract or Lease shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the counterparty to such Contract or Lease have agreed, or as ordered by the Court.

f. **_Removal from Schedule_**.   The Debtors reserve the right to remove any Contract or Lease from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

---

adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' counsel.

[6]   An objection to the assumption of any particular Contract or Lease listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract or Lease listed on such Assumption Notice.

4.      With regard to the Contracts and Leases to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract or Lease shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances) (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) or Lease(s), or (B) in respect of any taxes, and (b) constitute a legal, valid, and effective transfer of such Contract(s) and Lease(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s) and Lease(s).  For the avoidance of doubt, all provisions of the applicable assigned Contract or Lease, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.      Subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contract(s) and Lease(s), with any applicable Assignee being responsible only for the post-assignment liabilities under the applicable Contract(s) and Lease(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract or Lease.

6.      The Debtors' right to assert that any provisions in the Contract or Lease that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract or Lease to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contract(s) and Lease(s) arising, accruing, or relating to a period prior to the applicable assignment date.

8.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

9.      Approval of the Assumption and Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract or Lease by separate motion.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this

Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

11.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, the Assumption Notices, and the Rejection Notice Procedures.

13.     The 14-day stay required of any assignment of any Contract or Lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Proposed Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) | Case No. 20-11548 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCAL THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2020 the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order on the motion (the "<u>Motion</u>")[2] of debtors and debtors in possession (the "<u>Debtors</u>"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. \_\_\_\_] (the "<u>Procedures Order</u>") attached hereto as **<u>Schedule 1</u>**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "<u>Rejection Notice</u>"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract or Lease set forth on **<u>Schedule 2</u>** attached hereto is hereby rejected effective as of the date (the "<u>Rejection Date</u>") set forth in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624).  The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2] Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

**Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract or Lease agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts or Leases must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than fourteen (14) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties:  (a) counsel to the Debtors; (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Christopher Marcus, P.C., Allyson Smith Weinhouse, and Ciara Foster; and (ii) Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, Delaware 19801, Attn:  Marc R. Abrams, Richard W. Riley, and Stephen B. Gerald; (b) counsel to the administrative agent under the Debtors' prepetition senior credit facility, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn:  Dewey J. Gonsoulin Jr., William A. (Trey) Wood III, and Heather Brown; (c) counsel to the ad hoc group of lenders under the Debtors' prepetition senior notes, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Alice Belisle Eaton, Christopher Hopkins, Douglas Keeton and Omid Rahnama, and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan & Sean T. Greecher; (d) counsel to the ad hoc group of holders of the Debtors' preferred equity, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn:  Benjamin Finestone; (e) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (f) the Internal Revenue Service, (g) the U.S. Trustee for the District of Delaware, and (h) any other party

that has filed a request for notices with the Court.  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract or Lease shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract or Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) or Lease(s) to which such objection relates. If such objection is overruled or withdrawn, such Contract(s) or Lease(s) shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contractor Lease agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract or Lease counterparty as a security deposit or other arrangement, the Contract or Lease counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts and Leases otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

---

[3]  An objection to the rejection of any particular Contract or Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract or Lease listed in this Rejection must state with specificity the Contract to which it is directed. For each particular Contract or Lease whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

3

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Contract(s) or Lease(s), you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) the later of (i) the Rejection Objection Deadline, if no objection is filed and (ii) the date that all such filed objections have either been overruled or withdrawn.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: _____, 2020          */s/ DRAFT*
Wilmington, Delaware          **WHITEFORD, TAYLOR & PRESTON LLC**[4]
                              Marc R. Abrams (DE No. 955)
                              Richard W. Riley (DE No. 4052)
                              Stephen B. Gerald (DE No. 5857)
                              The Renaissance Centre
                              405 North King Street, Suite 500
                              Wilmington, Delaware 19801
                              Telephone:    (302) 353-4144
                              Facsimile:    (302) 661-7950
                              Email:        mabrams@wtplaw.com
                                            rriley@wtplaw.com
                                            sgerald@wtplaw.com

                              - and -

                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              Christopher Marcus, P.C. (*pro hac vice* pending)
                              Allyson Smith Weinhouse (*pro hac vice* pending)
                              Ciara Foster (*pro hac vice* pending)
                              601 Lexington Avenue
                              New York, New York 10022
                              Telephone:    (212) 446-4800
                              Facsimile:    (212) 446-4900
                              Email:        christopher.marcus@kirkland.com
                                            allyson.smith@kirkland.com
                                            ciara.foster@kirkland.com

                              *Proposed Co-Counsel to the Debtors and Debtors in Possession*

---

[4]   Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware.

## Schedule 1

**Procedures Order**

**<u>Schedule 2</u>**

**Rejected Contracts and Leases**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1]    The inclusion of a Contract or Lease on this list does not constitute an admission as to the executory or non-executory nature of the Contract or Lease, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract or Lease.

**<u>Exhibit 2</u>**

**Proposed Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) | Case No. 20-11548 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ASSUMPTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCAL THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2020 the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order entered an order on the motion (the "<u>Motion</u>")[2] of debtors and debtors in possession (the "<u>Debtors</u>"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "<u>Procedures Order</u>") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "<u>Assumption Notice</u>"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624).  The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2]    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

      **PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

      **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts or Leases must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than seven (7) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (a) counsel to the Debtors; (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C., Allyson Smith Weinhouse, and Ciara Foster; and (ii) Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, Delaware 19801, Attn: Marc R. Abrams, Richard W. Riley, and Stephen B. Gerald; (b) counsel to the administrative agent under the Debtors' prepetition senior credit facility, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: Dewey J. Gonsoulin Jr., William A. (Trey) Wood III, and Heather Brown; (c) counsel to the ad hoc group of lenders under the Debtors' prepetition senior notes,

---

[3]   To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

[4]   The Debtors shall serve the counterparty to the Contract or Lease with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

(i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Alice Belisle Eaton, Christopher Hopkins, Douglas Keeton and Omid Rahnama, and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan & Sean T. Greecher; (d) counsel to the ad hoc group of holders of the Debtors' preferred equity, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Benjamin Finestone; (e) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (f) the Internal Revenue Service, (g) the U.S. Trustee for the District of Delaware, and (h) any other party that has filed a request for notices with the Court. Only those responses that are timely filed, served, and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the assumption of each Contract shall become effective on the applicable Assumption Date set forth in **Schedule 2** attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[5]

PLEASE TAKE FURTHER NOTICE that, the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

PLEASE TAKE FURTHER NOTICE that, if an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing

---

[5]   An objection to the assumption of any particular Contract, Lease, or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice. Any objection to the assumption of any particular Contract, Lease, or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract or Lease whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

to consider the objection for the Contract(s) or Lease(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) or Lease(s) shall be assumed as of the Assumption Date set forth in **<u>Schedule 2</u>** attached hereto or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

Dated: _____, 2020    */s/ DRAFT*
Wilmington, Delaware

**WHITEFORD, TAYLOR & PRESTON LLC**[1]
Marc R. Abrams (DE No. 955)
Richard W. Riley (DE No. 4052)
Stephen B. Gerald (DE No. 5857)
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801
Telephone:    (302) 353-4144
Facsimile:    (302) 661-7950
Email:        mabrams@wtplaw.com
              rriley@wtplaw.com
              sgerald@wtplaw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (*pro hac vice* pending)
Allyson Smith Weinhouse (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.marcus@kirkland.com
              allyson.smith@kirkland.com
              ciara.foster@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

---

[1]    Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware.

## **Schedule 1**

**Procedures Order**

## Schedule 2

### Assumed Contracts and Leases

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1]    The inclusion of a Contract or Lease on this list does not constitute an admission as to the executory or non-executory nature of the Contract or Lease, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract or Lease.