**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) | Case No. 20-11548 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 6, 84, 102 & 231** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) pay all prepetition and postpetition obligations on account of the Employee Compensation and Benefits in the ordinary course of business and (ii) continue to administer the Employee Compensation and Benefits, including payment of prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth in this Final Order.

2. The Debtors are authorized on a final basis, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; *provided*, *however*, that, notwithstanding anything to the contrary in the Motion, nothing in this Final Order shall be deemed to authorize the Debtors to continue or make payments pursuant to the Non-Insider Quarterly Retention Plan, approval of which must be sought by separate motion; *provided*, *further*, that any payment made to an employee shall be made in a manner consistent with past practices, and use of corporate credit cards and payment of reimbursements shall be consistent with past practices and industry standards. The Debtors shall consult with the Official Committee of Unsecured Creditors (the "Committee"), the ad hoc group of lenders under the Debtors' prepetition senior notes, counsel to the administrative agent under the Debtors' prepetition senior credit facility, counsel to the administrative agent under the Debtors' debtor-in-possession financing facilities, and the Office

of the U.S. Trustee with respect to any planned change outside of the ordinary course in any program, policy, or practice relating to any of the Employee Compensation and Benefits or otherwise, or implementation of any new programs, policies and benefits, prior to making such change or implementation.

3. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. For the avoidance of doubt, the Debtors are not authorized pursuant to this Order to pay any amounts due to Insiders under any key employee retention agreements or key employee incentive agreements.

4. The Debtors are authorized on a final basis, to pay and honor, in an aggregate final amount not to exceed $1,042,000, prepetition amounts outstanding under or related to the Employee Compensation and Benefits programs including, without limitation, any costs and expenses incidental to payment of the Employee Compensation and Benefits, including all administrative and processing costs, and any necessary payments to outside professionals.

5. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which may implicate or be subject to section 503(c) of the Bankruptcy Code; *provided* that nothing in this Final Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the bankruptcy Code at a later time. For the avoidance of doubt, nothing herein shall be deemed to authorize the payment of any prepetition amounts owed to any Insiders on account of the Non-Insider Severance Program, except upon further order of this Court.

6. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

9. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Final Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, the administrative agent under the Debtors' prepetition senior credit facility or, in lieu thereof, counsel thereto, the administrative agent under the Debtors' debtor-in-possession financing facilities or, in lieu thereof, counsel thereto, the ad hoc group of lenders under the Debtors' prepetition senior notes, and the Committee every seven (7) days beginning upon entry of this Final Order.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: July 13th, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**