**Schedule 1**

**Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | Case No. 20-11548 (CSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket Nos. 99 & 244** |

### ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROCEDURES RELATED THERETO AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the Assumption and Rejection Procedures for rejecting or assuming executory contracts and unexpired leases and procedures related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2] Capitalized terms used and not defined herein have the meanings given to them in the Motion.



2011548200713000000000017

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The following Rejection Procedures are approved in connection with rejecting Contracts and Leases:

   a. ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached hereto as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract(s) or Lease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) or Lease(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s) or Lease(s); (iii) the names and addresses of the counterparties to such Contract(s) or Lease(s) (each, a "Rejection Counterparty"); (iv) the proposed effective date of rejection for such Contract(s) or Lease(s) (the "Rejection Date"); (v) if such Contract(s) or Lease(s) are for real property, the personal property to be abandoned, if any; (vi) in the event of rejection of a Lease, an estimate of the book value of such property, if applicable and practicable; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts or Leases; *provided* that the number of counterparties to Contracts and Leases listed on each Rejection Notice shall be limited to no more than 100.

   b. ***Service of the Rejection Notice***. The Debtors will cause the Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the U.S. Trustee for the District of Delaware; (B) counsel to the lenders under the Debtors' debtor-in-possession financing facilities; (C) counsel to the administrative agent under the Debtors' debtor-in-possession financing facilities; (D) counsel to the official committee of unsecured creditors (the "Committee"); (E) counsel to the administrative agent under the Debtors' prepetition senior credit facility; (F) counsel to the ad hoc group of lenders under the Debtors' prepetition

2

senior notes; (G) counsel to the ad hoc group of holders of the Debtors' preferred equity (H) the United States Attorney's Office for the District of Delaware; (I) the Internal Revenue Service; (J) the United States Securities and Exchange Commission; (K) the state attorneys general for all states in which the Debtors conduct business; (L) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c. ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) counsel to the Debtors; (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C., Allyson Smith Weinhouse, and Ciara Foster; and (b) Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, Delaware 19801, Attn: Marc R. Abrams, Richard W. Riley, and Stephen B. Gerald; (ii) counsel to the administrative agent under the Debtors' prepetition senior credit facility, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: Dewey J. Gonsoulin Jr., William A. (Trey) Wood III, and Heather Brown; (iii) counsel to the ad hoc group of lenders under the Debtors' prepetition senior notes, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Alice Belisle Eaton, Christopher Hopkins, Douglas Keeton and Omid Rahnama, and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan & Sean T. Greecher; (iv) counsel to the ad hoc group of holders of the Debtors' preferred equity, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Benjamin Finestone; (v) counsel to the Committee, (a) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kristopher M. Hansen, Frank A. Merola, Erez E. Gilad, and Jason M. Pierce, and (b) Cole Schots P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: G. David Dean and Andrew J. Roth-Moore; (vi) the Internal Revenue Service, (vii) the U.S. Trustee for the District of Delaware, and (viii) any other party that has filed a request for notices with the Court.

d. ***No Objection Timely Filed***. If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set

---

[3] An objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed on such Rejection Notice.

3

forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided, however,* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the property by notifying the affected party in writing of the Debtors' surrender of the property and (A) turning over keys, key codes, and security codes, if any, to the affected party or (B) notifying the affected party in writing that the keys, key codes, and security codes, if any, are not available, but the party may reclaim the leased property; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e. **Unresolved Timely Objection**. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least fourteen (14) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f. **Removal from Schedule**. The Debtors reserve the right to remove any Contract or Lease from the schedule to a Rejection Notice at any time prior to the Rejection Date.

g. **No Application of Deposits**. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h. **Abandoned Property**. The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon, at their option, any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract. The Debtors shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4] Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose

---

[4] If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

4

     of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

   i. ***Proofs of Claim***.  Claims arising out of the rejection of Contract(s) or Lease(s), if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

 3. The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts and Leases:

   a. ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as <u>Exhibit 2</u> (the "<u>Assumption Notice</u>") indicating the Debtors' intent to assume a Contract(s) or Lease(s) pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract(s) or Lease(s) to be assumed; (ii) the Debtor or Debtors party to such Contract(s) or Lease(s); (iii) the names and addresses of the counterparties to such Contract(s) or Lease(s) (each, an "<u>Assumption Counterparty</u>"); (iv) the identity of the proposed assignee of such Contract(s) or Lease(s) (the "<u>Assignee</u>"), if applicable; (v) the effective date of the assumption for each such Contract or Lease (the "<u>Assumption Date</u>"); (vi) the proposed cure amount, if any for each such Contract or Lease; (vii) a description of any material amendments to the Contract(s) or Lease(s); and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts and/or Leases; *provided* that the number of counterparties to Contracts and/or Leases listed on each Assumption Notice shall be limited to no more than 100.

   a. ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract or Lease (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[5]  To the extent the Debtors seek to assume

---

[5] The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Assumption and Rejection Procedures with evidence of

    and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract or Lease (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

 b. ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract or Lease must file and serve a written objection[6] so that such objection is filed with this Court no later than seven (7) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

 c. ***No Objection***.  If no objection to the assumption of any Contract or Lease is timely filed, each Contract or Lease shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract or Lease and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

 d. ***Unresolved Timely Objection***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract or Lease shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the counterparty to such Contract or Lease have agreed, or as ordered by the Court.

 e. ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract or Lease from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

---

  adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' counsel.

[6] An objection to the assumption of any particular Contract or Lease listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract or Lease listed on such Assumption Notice.

4. With regard to the Contracts and Leases to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract or Lease shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances) (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) or Lease(s), or (B) in respect of any taxes, and (b) constitute a legal, valid, and effective transfer of such Contract(s) and Lease(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s) and Lease(s). For the avoidance of doubt, all provisions of the applicable assigned Contract or Lease, including any provision limiting assignment, shall be binding on the applicable Assignee.

5. Subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contract(s) and Lease(s), with any applicable Assignee being responsible only for the post-assignment liabilities under the applicable Contract(s) and Lease(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract or Lease.

6. The Debtors' right to assert that any provisions in the Contract or Lease that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract or Lease to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7. Notwithstanding the relief granted herein, for any Contract or Lease in which ARB Midstream, LLC, Platte River Midstream, LLC, Platte River Holdings, LLC, or DJ South Gathering, LLC is a counterparty to the Debtors, the Assumption and Rejection Procedures shall not apply.

8. Notwithstanding the relief granted herein, the Assumption and Rejection Procedures shall not apply to any indemnity, collateral trust, bond, or other agreement of the Debtors to which Westchester Fire Insurance Company and its affiliated sureties are a counterparty, to the extent that any such indemnity, collateral trust, bond or other agreement is determined by the Court to be an executory contract under 11 U.S.C. § 365.

9. Notwithstanding the relief granted herein, nothing in this Order, including the Assumption and Rejection Procedures, shall apply to any Contract(s) between any of the Debtors and Grand Mesa Pipeline, LLC, with all of the Debtors' and Grand Mesa Pipeline, LLC's rights and remedies being preserved in respect of any such Contract(s).

10. Notwithstanding anything herein to the contrary, the Assumption and Rejection Procedures approved herein shall not apply to any Contract or Lease between REP Processing LLC and any of the Debtors, including that certain Gas Gathering, Processing, and Purchase Agreement dated April 16, 2019 between REP Processing LLC and Extraction Oil & Gas, Inc. (as amended or supplemented from time to time in accordance with its terms, and all agreements entered into in connection therewith, the "<u>Gathering Agreement</u>").

11. Notwithstanding the relief granted herein, for any Contract or Lease in which DCP Operating Company, LP (including, for the avoidance of doubt, DCP Midstream, LP) is a Counterparty to the Debtors, the Assumption and Rejection Procedures shall not apply.

12. [Notwithstanding the relief granted herein, for any Contract or Lease in which Rocky Mountain Midstream LLC (formerly Rocky Mountain Midstream DJ Services LLC) is a Counterparty to the Debtors, the Assumption and Rejection Procedures shall not apply.]

13. The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contract(s) and Lease(s) arising, accruing, or relating to a period prior to the applicable assignment date.

14. The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

15. Approval of the Assumption and Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract or Lease by separate motion.

16. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and

the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

17. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, the Assumption Notices, and the Rejection Notice Procedures.

19. The 14-day stay required of any assignment of any Contract or Lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 13th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

11