**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> EXTRACTION OIL & GAS, INC., *et al.*,[1] <br> Debtors. <br><br><br> EXTRACTION OIL & GAS, INC. <br> Plaintiff, <br><br> v. <br><br> ELEVATION MIDSTREAM, LLC <br> Defendant. | Chapter 11 <br><br> Case No. 20-11548 (CSS) <br><br> Jointly Administered <br> **Re: D.I. 612** <br><br> Adversary Proceeding <br><br> Case No. 20-50839(CSS) <br> **Re: Adv. D.I. 10 & 12** |

**MOTION OF ELEVATION MIDSTREAM, LLC FOR ENTRY OF AN ORDER AUTHORIZING ELEVATION MIDSTREAM, LLC TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN THE (I) DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; (II) BRIEF IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND (III) OBJECTION OF ELEVATION MIDSTREAM, LLC AND GSO EM HOLDINGS LP TO THE NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Elevation Midstream, LLC ("Elevation") hereby files this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Order") granting the relief described below. In support of the Motion, Elevation, by and through its undersigned counsel, states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC ("8 North") (0904); Axis Exploration, LLC ("Axis") (8170k); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC ("XTR") (5624).  The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

RLF1 23988339v.3

## RELIEF REQUESTED

1. By this Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Elevation requests entry of an order, substantially in the form attached hereto as **Exhibit 1**, authorizing Elevation to: (i) file under seal the Confidential Information (as defined below) included in the *Defendant's Answer to Complaint for Declaratory Judgment* [Adv. D.I. 10] (the "Answer"); (ii) file under seal the Confidential Information (as defined below) attached to the *Brief in Support of Defendant's Cross-Motion for Summary Judgment* [Adv. D.I. 12] (the "Brief"); (iii) file under seal the Confidential Information (as defined below) included in and attached to the *Objection of Elevation Midstream, LLC and GSO EM Holdings LP to the Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [D.I. 612] (the "Objection"); (iv) file redacted versions of the Answer, the Brief and the Objection on the docket; (v) provide unredacted versions of the Answer, the Brief and the Objection to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the Debtors; and (vi) provide versions of the Answer, the Brief and the Objection with narrowly tailored redactions, on a confidential, professionals' eyes only basis, to the Official Committee of Unsecured Creditors (the "Committee"), and any other parties in interest as the Court may order.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

Venue of these chapter 11 cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. Pursuant to Local Rule 9013-1(f), Elevation consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On June 14, 2020, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On August 10, 2020, Debtors filed the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [D.I. 377].

7. On September 4, 2020, the Debtors initiated the above-captioned adversary proceeding against Elevation [Adv. D.I. 1] (the "Adversary Proceeding").

8. On September 10, 2020, Elevation filed the Answer, the Brief and the Objection.

9. The Answer, the Brief and the Objection each contain information that is confidential and commercial in nature (the "Confidential Information"). Elevation is requesting that the Confidential Information not be disclosed publicly, but will (i) provide unredacted versions of Answer, the Brief and the Objection to the Court, the U.S. Trustee and the Debtor, and (ii) provide versions of the Answer, the Brief and the Objection with narrowly tailored redactions, on

- 3 -

a confidential, professionals' eyes only basis, to the Committee, and any other parties in interest as the Court may order.

## BASIS FOR RELIEF

10. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize Elevation to file the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

12. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy

Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.,* 21 F.3d at 28. Nor does such require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

13. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing Ltd.*, 295 B.R. at 725.

14. Grounds exist here for the Court to grant the relief requested. There are responses in the Answer, as well as certain documents attached to the Brief and the Objection – including, but not limited to, the *Gas Gathering and Compression Agreement*, the *Crude Oil Gathering and Stabilization Agreement*, and the *Produced Water Gathering Agreement*, each by and between

Elevation and debtor Extraction Oil & Gas, Inc., amendments to those agreements, and the *First Amended and Restated Limited Liability Company Agreement of Elevation Midstream, LLC* – that include confidential and commercially sensitive information, which if disclosed, may result in harm to Elevation and the Debtors.  Disclosing the Confidential Information would cause harm through disclosure of the non-public, material terms of Elevation's confidential agreements. Requiring disclosure of the Confidential Information could harm the ability of Elevation, as well as the Debtors, to negotiate future agreements, putting them at a strategic disadvantage and causing commercial injury.

15. Accordingly, Elevation submits that the Court should authorize Elevation to file the Answer, the Brief and the Objection under seal pursuant to section 107(b) of the Bankruptcy Code and pursuant to the Court's general authority under section 105(a) of the Bankruptcy Code.

16. In light of the foregoing, Elevation respectfully requests that the Court permit Elevation to seal the Answer, the Brief and the Objection, as described herein, and to (i) file redacted versions of the Answer, the Brief and the Objection on the docket; (ii) provide unredacted versions of the Answer, the Brief and the Objection to the Court, the U.S. Trustee, and the Debtors; and (iii) provide versions of the Answer, the Brief and the Objection with narrowly tailored redactions, on a confidential, professionals' eyes only basis, to the Committee, and any other parties in interest as the Court may order.

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)**

17. In accordance with Local Rule 9018-1(d)(iv)(a), Elevation submits that it and the Debtors are the Holders of Confidentiality Rights (as defined in Local Rule 9018-1(d)), and the information contained in the Answer, the Brief and the Objection, as the Proposed Sealed Documents under Local Rule 9018-1(d) – specifically the exhibits attached to the Brief and the

Objection, and the references to such documents in the Answer – must remain sealed from public view.

18. Delaware counsel to Elevation certifies that they have conferred with counsel to the Debtors in good faith and reached agreement concerning what information contained in the Proposed Sealed Document must remain sealed from public view.

19. Furthermore, Elevation certifies that, contemporaneously with the filing of this Motion, it will file a Notice of Filing of Proposed Redacted Version for each of the Answer, the Brief, and the Objection.

## **NOTICE**

20. Notice of this Motion will be provided to: (i) the Debtors; (ii) the U.S. Trustee; (iii) all parties to the Adversary Proceeding; and (iv) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

21. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Elevation requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit 1**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: September 15, 2020<br>Wilmington, Delaware | Respectfully submitted,<br><br>By: */s/ Travis J. Cuomo*<br>Paul N. Heath (Del. No. 3704)<br>Amanda R. Steele (Del. No. 5530)<br>Travis J. Cuomo (Del. No. 6501)<br>RICHARDS LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>heath@rlf.com<br>steele@rlf.com<br>cuomo@rlf.com<br><br>-and-<br><br>Marty L. Brimmage, Jr.<br>Admitted *pro hac vice*<br>Sarah Link Schultz<br>Admitted *pro hac vice*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2300 N Field St, Suite 1800<br>Dallas, TX 75201<br>Telephone: (214) 969-2800<br>Facsimile: (214) 969-4343<br>mbrimmage@akingump.com<br>sschultz@akingump.com<br><br>*Counsel to the Special Committee of the Board of Directors of Elevation Midstream, LLC and to GSO EM Holdings LP* |