**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXTRACTION OIL & GAS, INC. *et al.*,[1] | ) ) ) | Case No. 20-11548 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | Re: Docket Nos. 558, 559, 560 & 646 |

**DEBTORS' REPLY TO THE UNITED STATES
TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION
FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE
UNDER SEAL CERTAIN PORTIONS OF THE DEBTORS' STATEMENTS
OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), for their reply (this "Reply") to *The United States Trustee's Objection to the Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certain Portions of the Debtors' Statements of Financial Affairs and Schedules of Assets and Liabilities* [Docket No. 646] (the Objection"),[2] respectfully state as follows:

**Reply**

1. In the Objection, the United States Trustee (the "U.S. Trustee") argues that "the Debtors have not carried their burden under section 107 [of the Bankruptcy Code]" and that "the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal Certain Portions of the Debtors' Statements of Financial Affairs and Schedules of Assets and Liabilities* [Docket No. 559] (the "Motion").

Debtors offer no evidence that either support these allegation[s] or that otherwise overcome the strong presumption of public disclosure." Objection, ¶ 24.

2.  Not so. The Debtors have provided cogent reasons why the Confidential Information falls within the scope of "confidential information" that may be protected pursuant to Bankruptcy Code section 107(b)(1). Therefore, the Debtors have overcome the presumption of public disclosure.

3.  Section 107(b)(1) of the Bankruptcy Code provides that "the bankruptcy court shall . . . protect an entity with respect to . . . confidential . . . commercial information." 11 U.S.C. § 107(b)(1). Section 107(b) does not require the Debtors to engage in a balancing test or show "good cause" to merit sealing. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). If the material sought to be protected constitutes "confidential . . . commercial information," "the Court is required to protect a requesting interested party and has no discretion to deny the application." *Id*. at 27.

4.  There is no real dispute that the Confidential Information at issue is "commercial information." The Debtors, like many other exploration and production companies in Colorado, have made and make Contributions in the ordinary course of business as part of their business strategy. Like their competitors, the Debtors made these Contributions under a legitimate expectation that required disclosure would be confined to the requirements of applicable non-bankruptcy law. For instance, companies are *not* required to disclose their political contributions in SEC filings under federal law. The Debtors make these Contributions to protect their current and long-term interests. Requiring the Debtors to disclose specific recipients of the Contributions would be unnecessary and jeopardize several of their key business relationships. Moreover, requiring the Debtors to publicly disclose certain Contributions (or the lack thereof)

would adversely affect the Debtors' longstanding relationships with both state and local governments. Thus, broader public disclosure of such Confidential Information would provide minimal benefits—if any at all—to stakeholders while detrimentally affecting the Debtors and their stakeholders in material ways.

5.    In the United States today, there are currently no federal laws or regulations requiring companies to disclose their political contributions in SEC filings. In fact, the SEC has not indicated whether it would implement rules requiring disclosure of political contributions. Corporations ordinarily make political contributions anonymously, recognizing the commercial backlash their business would otherwise suffer. If the Debtors were required to disclose the identity of the recipients of such Contributions, their competitors would gain a disproportionate commercial advantage from the Debtors. Such competitors, by retaining anonymity in their political donations, would not only be able but commercially incentivized to exploit the Debtors' lost business relationships. The Debtors' competitors would be able to exploit the Debtors while concurrently continuing to make their own political contributions in the ordinary course, even if they donate to the same recipients as the Debtors. Thus, disclosure of the Confidential Information would provide players in an extremely competitive and volatile exploration and production industry with key information that could be used to subvert the Debtors' business relationships on a go-forward basis detrimental to the Debtors and all of their stakeholders

6.    No party in interest would be prejudiced if the Court grants the Motion. The Debtors have provided the Confidential Information on an unredacted basis to the U.S. Trustee, the Court, counsel to the Committee, counsel to the agents or lenders, as applicable, under the Debtors' postpetition and prepetition secured financing facilities, and counsel to the ad hoc bondholder group. Beyond the limited parties who have received access to the unredacted

Confidential Information, it is difficult to "conceive of any positive role [public] access . . . could play." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74 (Bankr. D. Del. 2006). Indeed, the U.S. Trustee has not identified a tangible benefit to the bankruptcy process that would be produced by compelling disclosure, let alone a benefit that outweighs the harms to these estates that disclosure would cause.

7. Any benefit of requiring the Debtors to disclose the Confidential Information will *not* outweigh the potential harm the Debtors may face with respect to their restructuring efforts. The purpose of filing the Statements is to give parties in interest a historical view of the debtor's finances by requiring the debtor to summarize its financial history, transactions, and operations over certain periods of time prepetition. Here, the Debtors' disclosures do exactly that. The Debtors are *not* seeking to seal the amounts, dates, or purposes of their Contributions. Indeed, the Debtors *have disclosed* such information. Whether the Contribution was made to cause X or cause Y is wholly irrelevant. Therefore, the Debtors should be allowed to *merely* redact the names of the recipients of such Contributions to preserve important business and governmental affairs relationships in their ongoing operations to the benefit of the estates and all stakeholders.

8. Courts have regularly sealed comparable information on precisely the same basis. *See, e.g., In re Dreier LLP*, 485 B.R. 821, 824 (Bankr. S.D.N.Y. 2013) (granting the motion to seal information that "involves the type if strategic decision making that could rightly be categorized as 'commercial information'"); *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could *reasonably* be expected to cause the entity commercial injury.") (emphasis added); *In re Borders Grp., Inc.*, 462 B.R. 42, 48 (S.D.N.Y. 2013) (sealing identity of key employees and vendors that would give an unfair advantage to movants'

competitors"); *In re Frontier Grp., LLC*, 256 B.R. 771, 774 (Bankr. E.D. Tenn. 200) (holding that a debtor's list of physicians should be sealed as "confidential commercial information" contemplated by section 107(b) of the Bankruptcy Code, as otherwise competitors would "be able to view the list, identify [the debtor's] contracting physicians, and recruit those physicians away from the Debtor").

## **Conclusion**

9.      For the foregoing reasons, and the reasons set forth in the Motion, the Debtors believe that the Confidential Information is "commercially sensitive information" subject to the mandatory protections provided by section 107(b)(1) of the Bankruptcy Code and therefore the Debtors respectfully request that the Objection be overruled and that the Motion be granted.

WHEREFORE the Debtors respectfully request that the Court overrule the Objection and enter the Order granting the relief requested in the Motion and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: September 29, 2020<br>Wilmington, Delaware | */s/ Richard W. Riley*<br>**WHITEFORD, TAYLOR & PRESTON LLC**[3]<br>Marc R. Abrams (DE No. 955)<br>Richard W. Riley (DE No. 4052)<br>Stephen B. Gerald (DE No. 5857)<br>The Renaissance Centre<br>405 North King Street, Suite 500<br>Wilmington, Delaware 19801<br>Telephone:   (302) 353-4144<br>Facsimile:    (302) 661-7950<br>Email:          mabrams@wtplaw.com<br>                    rriley@wtplaw.com<br>                    sgerald@wtplaw.com<br><br>- and -<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Christopher Marcus, P.C. (admitted *pro hac vice*)<br>Allyson Smith Weinhouse (admitted *pro hac vice*)<br>Ciara Foster (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          christopher.marcus@kirkland.com<br>                    allyson.smith@kirkland.com<br>                    ciara.foster@kirkland.com<br><br>*Co-Counsel to the Debtors and Debtors in Possession* |

---

[3] Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware.