**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



| | | |
|---|---|---|
| **CHRISTOPHER S. SONTCHI** | | **824 N. MARKET STREET** |
| **CHIEF JUDGE** | | **WILMINGTON, DELAWARE** |
| | | **(302) 252-2888** |

October 4, 2020

**VIA CM/ECF**

Richard W. Riley
Whiteford, Taylor & Preston, LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801

Dennis A Meloro
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

John Lee Shepherd, Jr.
Director of Legal Policy of Legal Policy
Office of the General Counsel FERC
888 First Street
Ne Washington, DC 20426

Hal S. Shaftel
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

Jamie Aycock
Kirkland & Ellis, LLP
Kirkland & Ellis International, LLP
609 Main Street
Houston, Texas 77002

Chris Chrisman
Holland & Hart, LLP
555 17th Street
Suite 3200
Denver, CO 80202

Curtis S. Miller
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

    RE:    **Extraction Oil & Gas, Inc., *et al.*, Case No.: 20-11548 (CSS)**

Dear Counsel,

    I am writing to clarify a portion of my bench ruling of October 2, 2020, denying the Motion of Grand Mesa Pipeline, LLC for Order Confirming that the Automatic Stay Does Not

Apply or, in the Alternative, for Relief from the Automatic Stay [Docket No. 364] and various joinders thereto. More specifically, I wish to clarify and to restate that portion of my bench ruling denying Grand Mesa's alternative request for entry of an order granting relief from the automatic stay to allow Grand Mesa to petition for an order from the Federal Energy Regulatory Commission ("FERC") as to whether rejection of the TSA's during this bankruptcy proceeding is consistent with the public interest and the Interstate Commerce Act, 49 U.S.C. §1 ("ICA"). This letter supplants and replaces the ruling on this issue. All other portions of the bench ruling remain extant and controlling.

Grand Mesa argues that relief from the automatic stay is appropriate "for cause" under section 362(d)(1) of the Bankruptcy Code; that a determination of cause requires a consideration of a totality of the circumstances—including the consideration of "concurrent jurisdiction" over the rejection of contracts shared by FERC and this Court. Grand Mesa argues that the filed rate obligations are subject to the *Mobile-Sierra* doctrine meaning that they "may not unilaterally abrogate or modify their [filed rate obligations] . . . ." *NextEra Energy, Inc. and NextEra Energy Partners, L.P. v. Pacific Gas and Electric Co.; Exelon Corp. v. Pacific Gas and Electric Co.*, 167 FERC ¶ 61,096 at P 23 (quoting *Morgan Stanley Capital Group Inc. v. Pub. Util. Dist. No. 1*, 554 U.S. 527, 530, 534 (2008).

As a preliminary matter and as discussed in the Court's bench ruling, Grand Mesa's request for stay relief to obtain FERC's position as to whether rejection of the TSA's during this bankruptcy proceeding is consistent with the public interest and the ICA is based on a false premise. FERC's recent statement in *ETC Tiger Pipeline, LLC* that the "[r]ejection of a Commission-jurisdictional contract in bankruptcy court alters the essential terms and conditions of a contract that is also a filed rate" is incorrect. It does no such thing. The Supreme Court recently confirmed in *Mission Product Holdings* that "[a]ccording to Section 365(g), 'the rejection of an executory contract[ ] constitutes a breach of such contract . . . .'" *Mission Product Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1659 (2019). The effect of a debtor's rejection of a contract under section 365 is that "[i]t gives the counterparty a claim for damages, while leaving intact the rights the counterparty has received under the contract." *Id.*, 139 S. Ct. at 1661.

Thus, Grand Mesa's request for stay relief seeks to institute a proceeding that is completely irrelevant to the issues before this Court. This Court and FERC do not exercise concurrent jurisdiction, rather they exercise parallel exclusive jurisdiction. It would be a violation of this Court's exclusive jurisdiction over the rejection of executory contracts for FERC to purport to decide the issue Grand Mesa wishes to present; just as it would be a violation of FERC's exclusive jurisdiction for this Court to consider or to decide whether abrogation or modification of the filed rate obligations is consistent with the public interest and the ICA. They are two separate issues for two separate decision makers, each of which is exercising its exclusive jurisdiction. Moreover, Grand Mesa and its supporters have not provided any evidence of an independent reason for allowing a proceeding involving the Debtors to proceed

October 4, 2020
Page Three

before FERC.  Thus, as granting relief from the automatic stay would involve the pursuit of irrelevant litigation in front of FERC and would violate this Court's exclusive jurisdiction over the rejection of executory contracts Grand Mesas has not and cannot demonstrate cause for relief from the automatic stay.

In the alternative, the Court will consider the elements for relief from the automatic stay to pursue litigation.  This is a somewhat awkward fit to the facts before the Court as Grand Mesa is not seeking to commence or to continue civil litigation against the Debtors.  Rather, Grand Mesa seeks to commence an administrative proceeding before FERC.  However, as that administrative proceeding will directly impact the Debtors it is appropriate to apply the traditional factors.

The Bankruptcy Code authorizes bankruptcy courts to grant relief from the automatic stay for "cause."  Courts are to determine "cause" based on the totality of the circumstances in each particular case.  The factors courts generally use in determining whether cause exists are: (1) whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the automatic stay; (2) whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and (3) the probability of the creditor prevailing on the merits. *In re Samson Res. Corp.*, 559 B.R. 360, 370 (Bankr. D. Del. 2016) (citations and footnotes omitted).

The first element is whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the automatic stay.  The Debtors presented evidence on this issue based on the time delay and expense associated with being required to participate in a FERC proceeding.  The delay is significant.  While there was evidence that FERC would complete its proceeding in five weeks even that delay is significant given the Debtors ongoing efforts to complete its Chapter 11 case.  Moreover, FERC's timeline ignores that the parties have a right to appeal to the D.C. Circuit.  Such an appeal could take up to a year or more.  Lifting the stay would greatly prejudice the Debtors and their estates.

The second element is whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs the hardship to the debtor.  Grand Mesa did not present any evidence that it would be harmed by maintenance of the automatic stay.  Obviously, the harm to the Debtors identified above outweighs the absence of any harm shown by Grand Mesa.

The third element is the probability of the movant prevailing on the merits.  There are two possible disputes to consider – the Debtors' motion to reject the TSA's; and the desired FERC proceeding.  Grand Mesa did not present any evidence whatsoever as to whether in either case there is even a possibility of success on the merits let alone a probability.

October 4, 2020
Page Four

  Thus, as each of the applicable factors favor maintenance of the automatic stay, Grand Mesa has not met its evidentiary burden and the request for relief from the automatic stay will be denied.

  Debtors' counsel is directed to consult with the parties and submit an agreed order under certification of counsel.

            Sincerely,

            Christopher S. Sontchi
            Chief United States Bankruptcy Judge

CSS/cas