## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No.  20-11548 (CSS) |
| EXTRACTION OIL & GAS, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Reorganized Debtors. | ) | |
| ———————————————— | ) | |
| ANNETTE LEAZER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. No.: 20-50963 (CSS) |
| | ) | |
| EXTRACTION OIL & GAS, INC., | ) | Adv. Docket Nos.: 24, 37, 38, 43 & 46 |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

**WHITEFORD, TAYLOR & PRESTON LLC**
Marc R. Abrams
Richard W. Riley
Stephen B. Gerald
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, DE  19801
          -and-
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C.
Allyson Smith Weinhouse
Ciara Foster
601 Lexington Avenue
New York, NY  10022
          -and-
Anna Rotman, P.C.
Kenneth Young
609 Main Street
Houston, TX  77002

Co-Counsel to Reorganized Debtors

**GOLDSTEIN & MCCLINTOCK LLP**
Maria Aprile Sawczuk
501 Silverside Road, Suite 65
Wilmington, DE  19899
          -and-
Steven Yachik
Goldstein & McClintock LLP
111 W. Washington Street, Suite 1221
Chicago, IL  60602
          -and-
**HAMRE, RODRIGUEZ**
**OSTRANDER & DINGESS, P.C.**
Steven Louis-Prescott
3600 S. Yosemite Street, Suite 500
Denver, CO  80237-1829
          -and-
SKEEN & SKEEN, P.C.
Matthew D. Skeen Jr.
217 East 7th Avenue
Denver, CO  80203

Counsel for Plaintiffs

Dated: September 20, 2021

Sontchi, J.

## INTRODUCTION[1]

Annette Leazer et al. (the "Plaintiffs") are parties to oil and gas leases (the "Leases") that govern the payment of royalties in connection with Extraction's production of oil and gas at various locations throughout Colorado. The Plaintiffs filed this adversary proceeding against debtor Extraction Oil & Gas, Inc. ("Extraction") asserting claims for underpaid royalties. Extraction filed a motion to dismiss (the "Motion") asserting that the Court lacks subject matter over this action because the Plaintiffs failed to exhaust the administrative remedies available to them under Colorado law. As further explained below, the Court will Grant the Motion.

## JURISDICTION

Extraction filed its motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12, which applies to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012.[2] A bankruptcy court has the authority to determine whether it has subject matter jurisdiction over an adversary proceeding.[3] Accordingly, the Court may determine whether to dismiss the Plaintiffs' claims for lack of subject matter jurisdiction.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them *infra*.

[2] Fed. R. Bankr. P. 7012

[3] *In re BWI Liquidating Corp.*, 437 B.R. 160 (Bankr. D. Del. 2010) (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371 (1940)).

**Background**

Extraction and nine of its affiliates (the "Debtors") filed voluntary chapter 11 petitions in 2020. The Plaintiffs subsequently filed their initial complaint asserting claims against the Debtors for underpayment of royalties. A plan preserving amounts claimed by the Plaintiffs in a disputed claim reserve account was confirmed later that year.

On January 19, 2021, the Plaintiffs filed the Second Amended Complaint (the "Complaint") against Extraction asserting claims (the "Claims") for underpaid royalties based on various legal theories, seeking declaratory judgment with respect to damages, and requesting injunctive relief.[4] Among other things, the Plaintiffs allege that Extraction underpaid royalties owed under the Leases and Colorado law and argue that those amounts are not property of the estate.

On March 16, 2021, Extraction filed a motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction. The Plaintiffs filed a response and Extraction subsequently filed a reply. A notice of completion of briefing was filed on April 12, 2021, and the matter is ripe for decision.

---

[4] Plaintiff filed the Complaint and the First Amended Complaint in October 2020.

**Legal Discussion:**

1. **Standard of Review**

A court must dismiss an action if it lacks subject matter jurisdiction.[5] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."[6] When considering a facial challenge, the court accepts the allegations in the complaint as true.[7] By contrast, in challenges to the factual existence of subject matter jurisdiction courts weigh evidence and evaluate the merits of jurisdictional claims.[8]

Section 1334 of Title 28 provides that district courts have "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[9] District courts "'routinely refer' most bankruptcy cases to the bankruptcy court."[10]

---

[5] Fed. R. Civ. P. 12(b)(1), (h)(3)

[6] *In re SemCrude, L.P.*, 428 B.R. 82, 93 (Bankr. D. Del. 2010) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

[7] *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

[8] *See id.* (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); *In re The Fairchild Corp.*, 452 B.R. 525, 529 (Bankr. D. Del. 2011).

[9] 28 U.S.C. § 1334 (a), (b).

[10] *In re Resorts Int'l, Inc.*, 372 F.3d 154, 162 (3d Cir. 2004) (quoting *Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.)*, 72 F.3d 1171, 1175 (3d Cir.1996)).

### 2. Colorado Law

#### a. Colorado Oil and Gas Conservation Act

Colorado statutory law provides that the Colorado Oil and Gas Conservation Commission (the "Commission") shall have jurisdiction to determine "[t]he amount of proceeds plus interest, if any, due a payee by a payer" for the sale of oil and gas produced at Colorado wells.[11] While the statute precludes the Commission from exercising jurisdiction over a bona fide contract interpretation dispute, the Commission is tasked with determining whether such a bona fide dispute exists.[12]

#### b. Colorado Administrative Exhaustion Requirements

Under Colorado law, a party must pursue available administrative remedies before filing suit in court.[13] Failure to exhaust available administrative remedies before seeking judicial relief is a jurisdictional defect.[14] Administrative exhaustion requirements serve several policy goals.

> The exhaustion requirement allows agencies with expertise in a particular subject matter to develop the necessary factual record upon which the agency and subsequent reviewing courts may base their decisions. The doctrine promotes efficiency in the administrative context by preventing the interruption and fragmentation of the administrative process. Allowing the agency the opportunity to correct its own errors in the first instance preserves the autonomy of the agency. In addition to promoting the efficiency and

---

[11] Colo. Rev. Stat. § 34-60-118.5(5)(c)

[12] Colo. Rev. Stat. § 34-60-118.5(5.5); s*ee Boulter v. Noble Energy, Inc.*, No. 20-CV-861-WJM-KLM, 2021 WL 615413, at *4-5 (D. Colo. Feb. 17, 2021).

[13] *See City & Cty. of Denver v. United Air Lines, Inc.*, 8 P.3d 1206, 1212 (Colo. 2000) (noting that "If complete, adequate, and speedy administrative remedies are available, a party must pursue these remedies before filing suit in district court.")

[14] *Burlington Res. Oil & Gas Co. v. Colorado Oil & Gas Conservation Comm'n Dep't of Nat. Res.*, 986 F. Supp. 1351, 1353–54 (D. Colo. 1997); *see also Lin v. Att'y Gen. of U.S.*, 543 F.3d 114, 120 (3d Cir. 2008) (noting that statutory exhaustion requirements deprive the court of jurisdiction, but in the context of a federal statute).

integrity of the administrative forum, the requirement of exhaustion conserves judicial resources by insuring that courts intervene only if the administrative process fails to provide adequate remedies.[15]

Exhaustion requirements are subject to several exceptions. For example, administrative exhaustion requirements are excused when it is "clear beyond a reasonable doubt that further administrative review by the agency would be futile because the agency will not provide the relief requested."[16] Administrative exhaustion is also not required "when the policy reasons for the doctrine would not be served by mandating that the challenging party exhaust all available administrative remedies."[17]

### 3.  Motion to Dismiss

Extraction argues that this Court lacks subject matter jurisdiction over the Complaint because the Plaintiffs failed to exhaust their administrative remedies with the Commission. It further contends that the Commission has jurisdiction over the Complaint because all of the Plaintiffs' claims relate to the underpayment of royalties. In support of its position, Extraction offers the Declaration of its Senior Counsel Kenneth E. Warner ("Warner") who certifies that the Plaintiffs have not raised their claims before the Commission. Accordingly, Extraction seeks dismissal of all counts raised in the Complaint.

---

[15] *United Air Lines, Inc.*, 8 P.3d at 1212-13 (internal citations omitted.)

[16] *State v. Golden's Concrete Co.*, 962 P.2d 919, 923 (Colo.1998).

[17] *Crow v. Penrose-St. Francis Healthcare Sys.*, 169 P.3d 158, 165 (Colo. 2007) (citing *United Air Lines, Inc.*, 8 P.3d 1206, 1213 (Colo. 2000)).

The Plaintiffs do not allege to have raised their claims before the Commission. Instead, they argue that the Complaint involves issues that can only be resolved by this Court and assert that the Commission does not have jurisdiction over the Claims.

### a. The Complaint does not raise issues that can only be resolved by this Court.

The Plaintiffs assert that the Claims raise issues that can only be resolved by this

Court. In support, they argue that state administrative exhaustion requirements cannot deprive the Court of its subject matter jurisdiction and contend that their Claims "arise under" federal law because of the bankruptcy filing. The Plaintiffs note that the Court has subject matter jurisdiction to determine what constitutes property of the estate, which they characterize as one of the primary issues raised by the Complaint.[18] They also contend that the stay prohibited them from pursuing administrative remedies post-petition.

In response, Extraction provides examples of federal courts, including bankruptcy courts, dismissing cases for failure to exhaust state law administrative remedies.[19] It also distinguishes the administrative exhaustion cases cited by the Plaintiffs and contends that the Claims arise under Colorado state law rather than federal law.

---

[18] *See* D.I. 43 at 4-7 (citing 28 U.S.C. 157 and alleging that matters concerning the administration of the estate, allowance of claims, and proceedings affecting liquidation of property of the estate are relevant to the present case.)

[19] *See In re LymeCare, Inc.*, 301 B.R. 662 (Bankr. D. N.J. 2003); *see also McDuffie v. Stewart Title Guar. Co.*, 897 F. Supp. 2d 294 (E.D. Pa. 2009); *but see In re Cir. City Stores, Inc.*, No. 08-35653-KRH, 2016 WL 1714515, at *1 (Bankr. E.D. Va. Apr. 26, 2016) (denying a motion to dismiss, reasoning that state administrative exhaustion requirements cannot divest a federal court of its subject matter jurisdiction.)

As Extraction points out, the Complaint primarily raises Colorado state law claims.[20] The mere filing of the petition does not automatically bring those claims within the subject matter jurisdiction of this Court.[21] Under Colorado law, judicial relief is not available for those claims until administrative remedies are exhausted before the Commission.[22]

The cases relied on by the Plaintiffs are not instructive on whether the Court has subject matter jurisdiction over the Claims.[23] For example, the Plaintiffs cite *In re University Medical Center* for the proposition that "where there is an independent basis for bankruptcy court jurisdiction, exhaustion of administrative remedies pursuant to other jurisdictional statutes is not required."[24] However, in that case, the court determined that administrative exhaustion requirements did not apply because the underlying cause of action arose under the bankruptcy code rather than a Medicare

---

[20] *See* D.I. 24 (asserting claims for: declaratory relief as to the scope, validity, and amount of underpayment owed, declaratory relief that underpayments are not property of the estate, fraud and misrepresentation as to the amount of oil and gas produced (resulting in underpayment), breach of contract, breach of implied covenant, conversion, seeking constructive and resulting trust remedies, unjust enrichment, request for accounting to determine whether Plaintiffs received their rightful share of royalties, and seeking injunctive relief).

[21] *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1106 (3d Cir. 1995); *see also Robinson v. Dalton,* 107 F.3d 1018, 1020 (3d Cir. 1997) (noting that "[i]t is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.")

[22] Colo. Rev. Stat. § 34-60-118.5(5)(c); *City & Cty. of Denver v. United Air Lines, Inc.*, 8 P.3d 1206, 1212 (Colo. 2000).

[23] Other cases cited by the Plaintiffs include: a concurring opinion in *MCI Telecommunications Corp.*, 71 F.3d 1086, the Ninth Circuit opinion quoted in *In re University Medical Center*, and two bankruptcy opinions where the court did not require exhaustion. Extraction notes that both bankruptcy cases involved inverse condemnation claims, and that the courts were primarily concerned with promoting the debtors' reorganization efforts.

[24] *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1073–74 (3d Cir. 1992) (quoting *In re Town & Country Home Nursing Servs. Inc.*, 963 F.2d 1146, 1154 (9th Cir.1991)).

statute.[25] There, the Debtor's suit alleged that the Department of Health and Human Services violated the automatic stay when it withheld post-petition Medicare reimbursements to recover pre-petition overpayments.[26] The debtor's action sought turnover as well as stay violation damages.[27]

By contrast, the only Claim that arguably seeks relief only available in this Court is Count Two, which seeks declaratory judgement that any underpaid royalties are not property of the estate.[28] Extraction argues that Count Two seeks an impermissible advisory opinion absent a finding of underpayments. The Court agrees with Extraction. The Court does not need to answer the question of whether the purported underpayments are property of the estate without a factual finding that underpaid amounts remain due from Extraction to the Plaintiffs.[29]

The Complaint does not fall within the exclusive jurisdiction of this Court. Instead, it raises state law claims subject to the same procedures that apply to traditional litigation.[30] The Court does not have subject matter over the Claims if exhaustion requirements preclude exercising jurisdiction.

---

[25] *Id.* at 1073

[26] *Id.* at 1071.

[27] *Id.*

[28] 11 U.S.C. § 541.

[29] *See In re Cubic Energy, Inc.*, 587 B.R. 849, 855 (Bankr. D. Del. 2018) (citations omitted) (noting that federal courts are barred from issuing "opinions advising what the law would be upon a hypothetical state of facts.")

[30] *See In re Mansaray-Ruffin*, 530 F.3d 230, 234 (3d Cir. 2008).

**b. Colorado law requires the Plaintiffs to exhaust remedies with the Commission before judicial relief is available.**

The Plaintiffs argue that the Court should not dismiss the Complaint because the Commission lacks jurisdiction over the Claims.[31] The Plaintiffs allege that at least some of their Claims are disputes over contract interpretation rather than disputes over the amount of royalties owed or timely payment.[32] Based on this characterization, the Plaintiffs assert that the Claims are beyond the scope of the Commission's statutory authority under its own prior decisions.[33] The Plaintiffs further contend that Colorado precedent confirms that the Commission lacks jurisdiction.[34] According to the Plaintiffs, C.R.S. § 34-60-118.5(5.5) does not require the Commission to decide whether it has jurisdiction in the first instance; it merely sets up procedural guidelines for the Commission.[35]

Extraction responds that the Commission should determine how its own prior decisions and Colorado law apply to this case. Extraction further argues that the cases cited by the Plaintiffs are inapposite because those cases turned on issues that are not currently before the Court. Specifically, Extraction notes that several of the cases relied

---

[31] According to Colorado case law, futility, failure to promote the policy reasons for administrative exhaustion, and an agency's lack of authority to rule are exceptions to administrative exhaustion requirements. *See Crow v. Penrose-St. Francis Healthcare Sys.*, 169 P.3d 158, 165 (Colo. 2007).

[32] D.I. 43 at 11-13.

[33] *See* D.I. 43 at 11-13 (citing COGCC Order 1-205, 6, 7, 8, 9.)

[34] *See* COGCC Order 1-73 (discussing *Garman v. Conoco, Inc.*, 886 P.2d 652 (Colo. 1994)); *see also Grynberg v. Colorado Oil & Gas Conservation Comm'n*, 7 P.3d 1060 (Colo. App. 1999).

[35] D.I. 43 at 10-11 (discussing C.R.S. § 34-60-118.5(5.5)); (citing *Retova Res., LP, et al. v. Bill Barrett Corp.*, Case No. 2015-CV-34351, Denver Dist. Ct. (March 11, 2016) and *Crichton v. Augustus Energy Res., L.L.C.*, No. 15-CV-00835-KLM, 2017 WL 4838735, *4 (D. Colo. Oct. 26, 2017)).

upon by the Plaintiffs involved contractual disputes while others are examples of courts reviewing decisions made by the Commission.[36] Extraction argues that the Commission decides in the first instance whether a case falls within the contract dispute exception to the Commission's authority and contends that examples of courts reviewing the Commission's decisions—which are cited by the Plaintiffs--actually support this position.[37]

The Court concludes that the Claims are within the scope of the Commission's jurisdiction. Colorado statutory law provides that "[a]bsent a bona fide dispute over the interpretation of a contract for payment, [the Commission] shall have jurisdiction to determine . . . [t]he amount of the proceeds plus interest, if any, due a payee by a payer."[38] The statute further provides that the Commission "shall determine whether a bona fide dispute exists regarding the interpretation of a contract defining the rights and obligations of the payer and payee. If the commission finds that such a dispute exists, the commission shall decline jurisdiction over the dispute and the parties may seek resolution of the matter in district court."[39] Pursuant those statutory provisions, the

---

[36] *See Boulter*, 2021 WL 615413, at *6 (noting that "*Grynberg* was a review of the COGCC's decision to decline jurisdiction" over a bona fide contract interpretation dispute.); *see id.*, at *7 (noting that the dispute in *Crichton* was contractual in nature); *see also Chase v. Colorado Oil & Gas Conservation Comm'n*, 284 P.3d 161, 162 (Colo. Ct. App. July 19, 2012) (reviewing an appeal of the Commission's ruling.)

[37] *See id.*, at *5; *see also* Colo. Rev. Stat. § 34-60-118.5(5.5) ("the oil and gas conservation commission shall determine whether a bona fide dispute exists regarding contract interpretation . . . If the commission finds that such a dispute exists, the commission shall decline jurisdiction over the dispute and the parties may seek resolution of the matter in district court. ")

[38] Colo. Rev. Stat. § 34-60-118.5 (5)

[39] *Id.* at (5.5).

Commission has jurisdiction to resolve royalty disputes in the first instance and is tasked with determining when the bona fide contract dispute exception to its authority applies.

In arguing that the Commission lacks jurisdiction over the Claims, the Plaintiffs cite several cases, including: 1. an example of the Commission interpreting and applying a Colorado Supreme Court case,[40] 2. cases reviewing the Commission's decisions on appeal,[41] and 3. cases where the court determined that the underlying dispute was contractual in nature.[42] The latter cases hold that the Commission does not have exclusive jurisdiction to determine whether an exception to its jurisdiction applies.[43] Here, it is not clear from the face of the Complaint whether the Plaintiffs have raised a bona fide contract dispute.[44] Therefore, the Court agrees with Extraction that the reasoning of *Boulter* is more on point than *Crichton*.[45] The Plaintiffs ask this Court to determine the scope of the Commission's authority under Colorado law instead of allowing the

---

[40] *See* Order 1-73 (citing *Garman v. Conoco Inc.*, 886 P.2d 652 (Colo. 1994)).

[41] *See Chase v. Colorado Oil & Gas Conservation Comm'n*, 284 P.3d 161 as modified on denial of reh'g (July 19, 2012); *see also Grynberg v. Colorado Oil & Gas Conservation Comm'n*, 7 P.3d 1060, 1062 (Colo. App. 1999) (considering the Commission's conclusion that it lacked jurisdiction on appeal).

[42] *See Crichton*, 2017 WL 4838735; *Retova*, Case No. 2015-CV-34351; *Salgado, et al. v. Ursa Operating Co.*, LLC, Case No. 15-CV-30057, Garfield Cnty. Dist. Ct. (Sept 23, 2015).

[43] *See e.g., Crichton*, 2017 WL 4838735, (D. Colo. Oct. 26, 2017) (denying a motion to dismiss for failure to exhaust remedies before the Commission where the court determined that a dispute arose out of the meaning of an undefined contract term.)

[44] *See* D.I 24.

[45] *See Boulter*, WL 615413, at *7 ("Plaintiffs also rely on *Crichton v. Augustus Energy Resources, LLC* for support. 2017 WL 4838735 (D. Colo. Oct. 26, 2017). In *Crichton*, however, the court determined that the dispute was 'contractual in nature,' whereas here, the Court has found that based on the dispute between the parties, it cannot definitively state that the dispute is contractual in nature. *Id.* at *4. This is for the COGCC to decide.")

Commission to interpret its own authorizing statute. The Commission can and should determine whether it has the authority to resolve the Claims.

The Plaintiffs also argue that their failure to exhaust administrative remedies should be excused by futility. According to the Plaintiffs, even if they had brought their Claims before the Commission, it would have dismissed them for lack of jurisdiction.

As explained above, the Commission is tasked with determining whether the bona fide contract dispute exception to its authority applies.[46] The Plaintiffs' futility argument asks the Court to presume how the Commission would categorize and resolve Claims which on their face do not clearly raise a bona fide contract dispute. Thus, the Plaintiffs' futility defense asks this Court to improperly interfere with the Commission's autonomy.[47]

According to the Plaintiffs, exhausting their administrative remedies before the Commission would not promote judicial economy because the Commission lacks jurisdiction to resolve the "legal, equitable, tortious" and contract interpretation issues raised by the Claims.[48]

Extraction responds that the Commission's expertise is irrelevant because this case involves statutory, rather than prudential, exhaustion.[49]

---

[46] Colo. Rev. Stat. § 34-60-118.5 (5.5)

[47] *See United Air Lines, Inc.*, 8 P.3d at 1212-13 (noting the policies promoted by exhaustion requirements.)

[48] *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999).

[49] *See Lin v. Att'y Gen. of U.S.*, 543 F.3d 114, 120 (3d Cir. 2008) Note: Extraction argues that requiring the Plaintiffs to bring their claims before the Commission is a statutory exhaustion requirement, which deprives the Court of jurisdiction. On this basis, Extraction distinguishes the present case from the Title VII Third Circuit case cited by the Plaintiffs. (*Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999)).

The Colorado legislature has vested the Commission with authority to resolve disputes over royalty underpayment in the first instance.[50] Because the Claims are within the statutory grant of jurisdiction to the Commission, bringing them before the Commission furthers the policy goals embodied by the clear language of the statute.[51]

The Plan also does not, as the Plaintiffs suggest, indicate that the Commission lacks jurisdiction. In fact, the Plan expressly contemplates that "a court, arbiter, or other tribunal" may determine whether any holder of a disputed royalty interest is entitled to recovery. That Plan language does not explicitly address Plaintiffs' claims, nor does it affect the Commission's jurisdiction to resolve those claims.

**Conclusion**

The Plaintiffs' failure to exhaust administrative remedies precludes this Court from exercising jurisdiction. Extraction's motion will be **GRANTED**, and each Count of the Complaint will be dismissed.

---

[50] *See* Colo. Rev. Stat. § 34-60-118.5 (5), (5.5).

[51] *See Crow*, 169 P.3d at 168 (noting the strong policy reasons for a statutorily authorized peer review process).